[No. E005187. Fourth Dist., Div. Two. Aug. 3, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT HOWARD RATEKIN, Defendant and Appellant.

COUNSEL

Stephen J. Scherr for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Sanford H. Feldman and John R. Vance, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

CAMPBELL, P. J.—After appropriate waivers, the matter was submitted to the court on the transcript of the preliminary hearing and the testimony of an additional witness. The court, sitting without a jury, found the defend-

ant guilty of the offenses of conspiring to sell cocaine (Pen. Code, § 182; Health & Saf. Code, § 11352) and selling cocaine (Health & Saf. Code, § 11352). His application for probation was denied and he was sentenced to three years in state prison.

## FACTS

The defendant was engaged in the business of selling cocaine in the Palm Springs area. On or about April 6, 1985, his coconspirator agreed to sell four ounces of cocaine to a federal undercover narcotics agent for $8,000. The coconspirator drove to the defendant's place of residence, obtained the cocaine from the defendant, drove to the rendezvous to meet with the agent, delivered the cocaine to the agent, obtained the purchase price from the agent and then delivered the $8,000 to the defendant at the defendant's residence. (It was not necessary to resort to any wiretap evidence to establish any of the foregoing facts.)

During the investigation which ultimately led to the arrest and prosecution of several persons in addition to the defendant, the federal agents obtained an "Order Authorizing The Interception Of Wire Communications And Operation Of A Pen Register Or Touch Tone Decoder," i.e., a wiretap order, from the United States District Court pursuant to section 2518, title 18, United States Code. The order authorized the tapping of the coconspirator's telephone. (The prosecution subsequently obtained an "Order Authorizing Testimonial Use Of Wire And Oral Communications" (see 18 U.S.C. §§ 2515, 2517) from the federal court.) The federal agents tapped the coconspirator's telephone by connecting a telephone line to the coconspirator's telephone terminals in the telephone company's telephone box. They attached a pen register, tape recorder and earphones to their line and were able to determine the telephone numbers called and to listen to and record any telephone calls involving the coconspirator's telephone. For reasons not made clear from the record, and despite an abundance of nonwiretap evidence clearly establishing the defendant's guilt, the prosecutor elected to offer clearly cumulative, and unnecessary, evidence obtained through the use of the wiretap. The defendant made a motion to suppress the wiretap evidence (Pen. Code, § 1538.5) on the grounds that such evidence is not admissible by virtue of the provisions of Penal Code section 632, subdivision (c). The court denied the motion and the evidence was admitted.

The wiretap evidence consisted of the content of four telephone calls: (1) A call from the coconspirator to the defendant ordering "four" (presumptively referring to ounces of cocaine) and informing defendant that he would ". . . bring the money back as soon as I get it."

(2) A call from the coconspirator to the federal agent telling him that he would call him back in an hour.

(3) A call from the coconspirator to the defendant to tell him that he would be over.

(4) A call from the coconspirator to the federal agent to arrange for the meeting for the delivery of the cocaine.

## ISSUES

We are called upon to consider the following issues: (1) Does Penal Code section 632 apply to the facts of this case? We find that it does not.

(2) Assuming, arguendo, that Penal Code section 632 applies to the facts of this case and that the court erred in denying defendant's motion to suppress, should the conviction be reversed? We hold that it should not.

## DISCUSSION

Penal Code section 631, subdivision (a) (the "wiretap" section) provides that it is illegal for any person to *tap* or make any unauthorized *connection* with any telephone line, etc. (Section 631 does not address nor proscribe the use of "eavesdropping" techniques to intercept communications.) Prior to the enactment of Proposition 8 (*post*), subdivision (c) made evidence obtained in violation of subdivision (a) inadmissible. Penal Code section 632, subdivision (a) (the "eavesdropping" section) provides that it is illegal for any person to eavesdrop on any confidential communication by means of any amplifying or recording device. (Penal Code, section 632 does not address or proscribe the use of "wiretap" techniques to intercept communications.) As in Penal Code section 631, subdivision (c), Penal Code section 632, subdivision (d) made evidence obtained in violation of Penal Code section 632, subdivision (a) inadmissible. ■ Although the two sections envision and describe the use of similar or the same equipment to intercept communications, the manner in which such equipment is used is clearly distinguished, separate and mutually exclusive. Penal Code section 631 prohibits "wiretapping," i.e., intercepting communications by an unauthorized *connection* to the transmission line. Penal Code section 632 prohibits "eavesdropping," i.e., the interception of communications by the use of equipment which is not connected to any transmission line. In order to violate section 631 it is necessary that the intercepted communication be carried over ". . . telegraph or telephone wire, line, cable, or instrument of any internal telephonic communication system . . . ." No such limitation is found in section 632. ■ "When statutory language is clear and unam-

biguous there is no need for construction and the courts should not indulge in it." (*Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 198 [137 Cal.Rptr. 460, 561 P.2d 1148].) ■■ We hold that the conduct of the federal agents in this matter constituted "wiretapping" as described in section 631 and did not constitute "eavesdropping" as described in section 632.

Having determined that the conduct of the federal agents in this case was the type of conduct described in Penal Code section 631 and not Penal Code section 632, it is necessary to determine whether or not the evidence obtained through the use of the wiretap was admissible despite the language of subdivision (c). Penal Code section 631, subdivision (c) provides: "Except as proof in an action or prosecution for violation of this section, no evidence obtained in violation of this section shall be admissible in any judicial, administrative, legislative or other proceeding."

Article I, section 28, subdivision (d) of the California Constitution adopted on June 8, 1982 (Prop. 8), provides: "Right to Truth-in-Evidence. Except as provided by statute hereafter enacted by a two-thirds vote of the membership in each house of the Legislature, relevant evidence shall not be excluded in any criminal proceeding, including pretrial and post conviction motions and hearings, or in any trial or hearing of a juvenile for a criminal offense, whether heard in juvenile or adult court. Nothing in this section shall affect any existing statutory rule of evidence relating to privilege or hearsay, or Evidence Code, Sections 352, 782 or 1103. Nothing in this section shall affect any statutory or constitutional right of the press."

■■ The California Supreme Court has held that relevant evidence may be excluded only if exclusion is required by the United States Constitution. (*In re Lance W.* (1985) 37 Cal.3d 873, 890 [210 Cal.Rptr. 631, 694 P.2d 744].) ■■ This case does not involve a ". . . statute . . . enacted by a two-thirds vote of the membership in each house of the Legislature . . . ." It is clear that evidence obtained under the provisions of 18 United States Code section 2510 et seq. is not required to be excluded by the United States Constitution. (See, e.g., cases collected in 18 U.S.C.A. (1989 pocket supp.) foll. §§ 2517, 2518, under heading Constitutionality, pp. 149, 161-162.) The wiretap evidence in the instant case was relevant and it was obtained pursuant to the provisions of 18 United States Code section 2510 et seq., and, therefore, the court's denial of defendant's motion to suppress was correct.

Even if the denial of the motion to suppress had been error, it is clear that it would have been harmless error and we would have been compelled to affirm the judgment. The evidence of guilt was overwhelming, even excluding the wiretap evidence, and it is not ". . . reasonably probable that a result more favorable to the appealing party would have been reached in the

absence of the error." (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]; see Evid. Code § 353, subd. (b).)

The judgment is affirmed.

McDaniel, J., and Dabney, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 15, 1989.