Filed 8/14/25  Togle v. BDO USA CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| JUAN GABRIEL CASIO TOGLE, | B337729 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 22SMCV02003) |
| v. | |
| BDO USA, P.C., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark A. Young, Judge.  Affirmed.

Juan Gabriel Casio Togle, in pro. per., for Plaintiff and Appellant.

McDermott Will & Emery, William P. Donovan, Jr., and Melvin B. Wu for Defendant and Respondent.

_____

Plaintiff and appellant Juan Gabriel Casio Togle sued BDO USA, P.C. (BDO), his former employer, alleging causes of action for violations of his right to privacy, including under the California Invasion of Privacy Act (CIPA) (Pen. Code, § 630 et seq.),[1] and for the intentional infliction of emotional distress. After Togle twice amended his complaint in an attempt to state a claim, the trial court sustained BDO's demurrer to the second amended complaint without leave to amend. We find no error and affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

From 2017 to 2019, Togle worked for Aspiriant, LLC (Aspiriant) as a tax associate. From 2019 to 2020, he worked for tax firm BDO.

In October 2022, Togle filed an action against Aspiriant, BDO, and an individual defendant. Togle claimed that while he was employed by BDO, it conspired with Aspiriant to carry out an "electronic stalking and harassment campaign" against him in retaliation for his resignation from Aspiriant and the company's subsequent decline in revenue.[2] He alleged Aspiriant and BDO carried out this campaign by using: (1) BDO's mobile device management software to eavesdrop on Togle's phone conversations and intercept his text messages without consent; (2) "a remote-neural-monitoring device" to access his thoughts; and (3) an "ultra-sonic-type device" to transmit messages and sounds "to continuously subject [Togle] to noise harassment and

---

[1] All subsequent undesignated statutory references are to the Penal Code.

[2] The record on appeal does not contain Togle's initial complaint. Our summary of his claims is taken from the parties' meet-and-confer letters.

2

severe emotional distress." Togle also claimed BDO employees disclosed his private information at work. He asserted eight causes of action: (1) invasion of privacy against seclusion; (2) violation of section 632; (3) violation of section 632.7; (4) violation of section 634; (5) violation of section 637; (6) violation of section 637.7; (7) intentional infliction of emotional distress against BDO; and (8) intentional infliction of emotional distress against Aspiriant.

During meet-and-confer discussions, BDO identified deficiencies in the initial complaint. Togle agreed to amend his pleading, including by clarifying that BDO's and Aspiriant's alleged violations of his privacy continued from December 2019 through the present. Togle also agreed to dismiss his cause of action under section 634 and the individual defendant.

In January 2023, Togle filed a first amended complaint (FAC).[3] BDO sent Togle another meet-and-confer letter stating that his amended complaint did not cure the deficiencies in the original complaint. Togle subsequently dismissed Aspiriant from the action without prejudice, but he did not otherwise dismiss or seek leave to amend his pleading.

In February 2023, BDO demurred to Togle's FAC. BDO challenged all causes of action on the grounds that they were uncertain, Togle failed to state facts sufficient to constitute a cause of action, and all causes of action were barred by the statute of limitations. BDO also demurred to Togle's cause of

---

[3] The record on appeal does not contain Togle's FAC. Based on meet-and-confer communications, it appears Togle's FAC maintained causes of action for "invasion of privacy upon seclusion," violations of sections 632, 632.7, 637 and 637.7, and intentional infliction of emotional distress.

action for intentional infliction of emotional distress on the ground that he failed to allege a basis to hold BDO liable for its employees' allegedly tortious conduct and failed to allege that BDO engaged in any extreme or outrageous conduct intended to cause emotional distress. Togle opposed the demurrer, arguing that BDO's conduct had interfered with his ability to timely file his claims. He disputed BDO's other arguments on the merits. The court sustained BDO's demurrer to the FAC, with leave to amend.

In July 2023, Togle filed the operative second amended complaint (SAC). The SAC continued to allege that BDO targeted Togle in an "organized electronic stalking and harassment campaign" through its use of the mobile device management software, a remote neural monitoring device, and an ultrasonic device. Togle asserted causes of action for (1) invasion of privacy upon seclusion; (2) violations of section 632; (3) violations of section 632.7; (4) violations of section 637; and (5) intentional infliction of emotional distress.

The SAC also alleged that Togle became aware of the violations of his privacy due to several "specific instances" in which he overheard his co-workers discussing the contents of his private calls, messages, and thoughts, or making statements revealing their ongoing surveillance of Togle's communications and mental processes. The earliest of these occurred in January 2020, the month after Togle began working at BDO. The SAC also claimed that from December 2019 to November 2020, BDO accessed his work laptop to film and photograph him without his consent. Togle further alleged that in March 2020, he began to notice the effects of BDO's use of an "ultrasonic weapon" to transmit sounds, noises, and messages directly into his brain. He

4

claimed BDO's "partners/shareholders" authorized employees' violations of Togle's privacy and harassment and participated in the conduct themselves.

Finally, Togle alleged that BDO's conduct was extreme and outrageous and caused him "severe emotional distress, depression, anxiety, frustration, fear, intimidation, humiliation, embarrassment, and annoyance." He alleged that BDO's use of the ultrasonic device to intrude on his thought processes had subjected him to "sleep-deprivation, emotional distress, fear, intimidation, anxiety, confusion, disorientation, and frustration" since March 2020. According to Togle, as of the date of the SAC, both Aspiriant and BDO "continue[d] to stalk and harass" him in the manner alleged, and he continued to suffer harm.

BDO demurred to all causes of action in the SAC on the same grounds it had asserted in the demurrer to the FAC. The trial court sustained the demurrer. The court concluded Togle failed to state facts sufficient to support his first cause of action, and the statute of limitations barred the remaining four causes of action. The court entered a judgment of dismissal with prejudice. Togle timely appealed.

## DISCUSSION

### I.    The Trial Court Properly Sustained the Demurrer

#### A.    Standard of review

" ' "A demurrer tests the sufficiency of the complaint as a matter of law; as such, it raises only a question of law. [Citations.]" [Citation.] Thus, the standard of review on appeal is de novo. [Citation.] "In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or

5

conclusions of fact or law. . . .' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.]" [Citations.]' [Citation.]" (*Lewis v. YouTube, LLC* (2015) 244 Cal.App.4th 118, 120–121.)

"[W]e may affirm the sustaining of a demurrer only if the complaint fails to state a cause of action under any possible legal theory." (*Sheehan v. San Francisco 49ers, Ltd.* (2009) 45 Cal.4th 992, 998.) "Whether the plaintiff will be able to prove the pleaded facts is irrelevant to ruling upon the demurrer." (*Stevens v. Superior Court* (1986) 180 Cal.App.3d 605, 609–610.)

"When a demurrer is sustained without leave to amend, 'we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.' [Citation.]" (*Hamilton v. Greenwich Investors XXVI, LLC* (2011) 195 Cal.App.4th 1602, 1609 (*Hamilton*).)

"Plaintiff has the burden to show a reasonable possibility the complaint can be amended to state a cause of action." (*Hamilton*, *supra*, 195 Cal.App.4th at p. 1609.) "[T]he plaintiff must demonstrate how the complaint can be amended. [Citation.] While such a showing can be made for the first time to the reviewing court [citation], it must be made." (*Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 711.)

6

**B.    Invasion of privacy upon seclusion (first cause of action)**

In Togle's first cause of action for "Invasion of Privacy Upon Seclusion," Togle alleges that BDO violated his right to privacy by "access[ing Togle's] BDO work laptop to secretly film and photograph" him and by "scan[ning]" his brain activity to read his thoughts. The trial court construed this cause of action as alleging the common law tort of intrusion upon seclusion. The court concluded the SAC's allegations were insufficient to state a cause of action because Togle "failed to identify any such communications to which he has a protected privacy interest or reasonable expectation of privacy." The trial court further concluded the allegations were conclusory and failed to allege facts regarding BDO's vicarious liability for its employees' tortious conduct.

Togle's opening brief makes no specific arguments identifying any error in the trial court's decision sustaining the demurrer on this cause of action. His opening brief refers to his first cause of action only with respect to the statute of limitations, which was not a basis for the trial court's ruling. Togle does not address how the facts alleged in the SAC sufficiently allege the elements of intrusion upon seclusion, nor does he proffer amended allegations that would state an actionable claim. Togle's attempt to do so in the first instance in his reply brief does not preserve his arguments on appeal. (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764 [" 'Points raised for the first time in a reply brief will ordinarily not be considered, because such consideration would deprive the respondent of an opportunity to counter the argument.' "]; see *Paulus v. Bob Lynch Ford, Inc.* (2006) 139 Cal.App.4th 659, 685 ["Courts will

7

ordinarily treat the appellant's failure to raise an issue in his or her opening brief as a waiver of that challenge."].)

By failing to identify any error in the trial court's ruling and failing to propose curative amendments in his opening brief, Togle has abandoned this cause of action. (See *Alborzi v. University of Southern California* (2020) 55 Cal.App.5th 155, 184 [where "a demurrer is sustained without leave to amend, the appellant's failure to address certain causes of action in the complaint is deemed an abandonment of those causes of action"]; *Moore v. Centrelake Medical Group, Inc.* (2022) 83 Cal.App.5th 515, 538 [plaintiffs forfeited any argument of error by failing to explain how a proposed amendment would cure the pleading defect].)

### C. CIPA claims (§§ 632, 632.7, and 637)

CIPA imposes civil and criminal penalties on persons who electronically intercept, record, or eavesdrop on private communications without the consent of the parties to the communication. CIPA permits any person injured by a violation of the act to bring a civil action for damages and injunctive relief. (§ 637.2, subds. (a), (b).) To recover a civil penalty for violations of CIPA, a plaintiff must file suit within one year of when the plaintiff knew or should have known of the defendant's unlawful acts. (*Montalti v. Catanzariti* (1987) 191 Cal.App.3d 96, 98 [one year limitations period applied to § 631 cause of action]; Code Civ. Proc., § 340, subd. (a).)

### 1. Statute of limitations

The SAC alleges that Togle discovered BDO's purportedly unlawful conduct due to "specific instances" when his BDO co-workers made statements admitting to, or indicating their knowledge of, illicit surveillance of and interference with Togle's

recent private calls, messages, and thoughts.  The SAC alleges that all but one of these instances occurred in 2020; one allegedly occurred in mid-September 2021.  However, Togle did not file his initial complaint in this action until October 26, 2022.

Togle does not dispute that he filed his CIPA claims outside the applicable one-year limitations period.  Instead, Togle contends that BDO's use of the " 'remote-neural-monitoring device' " to continuously interfere, manipulate, and interrupt his thought processes prevented him from timely filing a complaint against BDO within the limitations period.

Togle's argument on appeal is inadequate.  Togle provides neither citations to authority nor substantive argument to support his claim that BDO's alleged conduct in manipulating or disturbing his thoughts permits him to prosecute claims falling outside the relevant limitations period.  On appeal, we review only issues adequately raised and briefed.  We are not required to develop parties' arguments for them on appeal.  (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 684 (*Meridian*).)  Togle's failure to provide reasoned legal argument or authorities forfeits the argument on appeal.  (*Holden v. City of San Diego* (2019) 43 Cal.App.5th 404, 418 (*Holden*) [points asserted on appeal but unsupported by argument and authority do not require discussion by reviewing court].)

## 2.    The proposed amendments would not state viable CIPA claims

Togle also fails to demonstrate that the trial court erred in denying him leave to amend his CIPA causes of action.  Although he now contends he could include in his complaint allegations about incidents in 2022 and 2023 in which BDO purportedly surveilled and recorded his phone conversations and interfered

9

with his private internal thought processes, we disagree that these proposed allegations would state viable causes of action under sections 632 and 632.7.

To the extent Togle proposes adding allegations that BDO "transmitted" messages to him via a remote neural monitoring device, he has not met his burden to show these claims would cure the deficiencies in his pleading. Specifically, Togle has not established that BDO's purported "interference" with his internal thoughts is the type of privacy intrusion for which CIPA provides a remedy. The legislature enacted CIPA to protect the privacy of communications from advanced technological intrusions. (§ 630.) Communications refers to "the *exchange* of thoughts, messages or information," and CIPA protects such communications to the extent "any party to the communication desires it to be confined to the *parties* thereto." (*People v. Gibbons* (1989) 215 Cal.App.3d 1204, 1208, 1209, italics added (*Gibbons*).) Togle asks this court to recognize his "thoughts and other internal brain communications in the absence of another person" as communications protected under CIPA. Yet, he proffers no legal analysis or authority to support extending CIPA to apply when no exchange between parties, orally or otherwise, has taken place. The argument is forfeited. (*Meridian*, *supra*, 67 Cal.App.5th at p. 684; *Holden*, *supra*, 43 Cal.App.5th at p. 418.)

Togle also contends that he should be granted leave to amend his pleading to allege BDO violated his privacy under sections 632 and 632.7 with respect to two phone calls he had with third parties during the limitations period. Specifically, Togle states that in 2022, he had a phone consultation with an attorney and, in 2023, he had a phone call with an employee at the Santa Monica courthouse, regarding BDO's conduct and

10

Togle's lawsuit. Togle asserts that immediately following each conversation, he heard the voices of unnamed BDO employees "inside of [his] brain" making threatening or intimidating statements specific to the legal issues he discussed with each person. Togle contends these facts are sufficient to allege that BDO was unlawfully listening to his conversations using the "remote-neural-monitoring device" during the limitations period, in violation of sections 632 and 632.7.

However, even if these facts were sufficient to allege that BDO was unlawfully listening to Togle's conversations, they would still fail to state a claim under section 632.7. Section 632.7 prohibits intercepting or receiving *and intentionally recording* telephonic communications without the consent of all parties to the communication. (*Id*., subd. (a).) Section 632.7 requires an intentional recording of a communication without consent for liability to attach. (See *Smith v. LoanMe, Inc*. (2021) 11 Cal.5th 183, 191, fn. 2 [§ 632.7 concerns "the intentional recording of an intercepted or received communication"].) An intentional recording requires that a person use " ' "recording equipment . . . with the purpose or desire of recording a confidential conversation, or with the knowledge to a substantial certainty that his use of the equipment will result in the recordation of a confidential conversation." ' [Citations.]" (*Rojas v. HSBC Card Services Inc*. (2023) 93 Cal.App.5th 860, 876.) Togle's proposed allegations at most allege BDO used a device to listen to his conversations in 2022 and 2023. He does not claim that BDO was recording the conversations. Togle has failed to meet his burden to show a reasonable possibility that any proposed amendments would state a viable cause of action under section 632.7.

11

We further conclude that Togle's new proposed allegations do not demonstrate a reasonable possibility of stating a cause of action under section 632. Section 632 penalizes using "an electronic amplifying or recording device to eavesdrop or record" a confidential communication without all parties' consent. (*Id.*, subd. (a).) The statute "does not prohibit eavesdropping in general; it applies only to the use of 'any electronic amplifying or recording device' to eavesdrop upon or record a confidential communication." (*People v. Soles* (1977) 68 Cal.App.3d 418, 420, disapproved of on another ground by *Ribas v. Clark* (1985) 38 Cal.3d 355; *People v. Ratekin* (1989) 212 Cal.App.3d 1165, 1168 [eavesdropping is "the interception of communications by the use of equipment which is not connected to any transmission line"]; see also § 632, subd. (f) [exempting "hearing aids and similar devices" from statute's application]; *Gibbons*, *supra*, 215 Cal.App.3d at p. 1208 [video recorder is "recording device" under § 632].)

Togle's SAC alleges the "remote-neural-monitoring device" uses "neuroimaging" to "extract[ ]" and "decode" data "from the human brain." Assuming at the demurrer stage that this technology exists and is accessible to BDO, as we must, Togle has not proffered any facts or argument to demonstrate that this type of technology is contemplated by section 632. Togle alleges that BDO's device allowed it to "watch" and "read" his thoughts; he does not allege that the purported technology amplified or recorded his communications with others. Togle fails to present any reasoned argument to support the conclusion that the "remote neural monitoring" device's alleged mind-reading capability falls within the ambit of section 632. (*Meridian*, *supra*,

12

67 Cal.App.5th at p. 684; *Holden, supra,* 43 Cal.App.5th at p. 418.)

### D.    Intentional infliction of emotional distress

"Intentional infliction of emotional distress requires (1) 'outrageous' conduct by the defendant, (2) that the defendant intend to cause (or recklessly disregard the probability of causing) emotional distress, (3) severe emotional distress and (4) causation." (*Angie M. v. Superior Court* (1995) 37 Cal.App.4th 1217, 1225–1226.) "Intentional infliction of emotional distress has a two-year statute of limitations. (Code Civ. Proc., § 335.1; [citation].) 'A cause of action for intentional infliction of emotional distress accrues, and the statute of limitations begins to run, once the plaintiff suffers severe emotional distress as a result of outrageous conduct on the part of the defendant.' [Citation.]" (*Wassmann v. South Orange County Community College Dist.* (2018) 24 Cal.App.5th 825, 852–853.)

As with the SAC's other causes of action, the claim for intentional infliction of emotional distress is untimely. Togle alleges that his emotional distress arose from BDO employees taunting, harassing, and mocking him about his private messages and thoughts and BDO's continuous intrusion into his private thoughts via an "ultrasonic-type device." Togle claims he first discovered BDO's alleged misconduct in January 2020 after hearing colleagues at work discuss his confidential communications with each other. He began suffering severe emotional distress from BDO's purported use of the ultrasonic device in March 2020. Togle did not file his initial complaint in this action until October 2022, more than a year and a half after the limitations period ended. All but one incident alleged in the SAC falls outside of the limitations period.

13

On appeal, Togle contends the SAC alleged one incident of harassing voices occurred in July 2022 and was within the limitations period. He further asserts he can amend his complaint to allege timely claims because BDO continued to transmit electromagnetic waves into his brain within the limitations period, causing him to hear harassing voices, experience horrific nightmares, and suffer emotional distress.

Yet, Togle does not identify material facts to support his conclusory allegation that BDO was responsible for the purported conduct, which occurred years after Togle resigned from BDO in November 2020. Togle merely asserts the conclusion that the voices he has heard belong to unnamed BDO employees. He additionally concludes, without corresponding factual allegations, that BDO "managers and partners continue to monitor and alter [Togle's] brain waves and brain electrical activity . . . to prevent [him] from successfully suing BDO." Togle has not established he can properly plead material facts to support his claims, rather than conclusions of fact or law. (*State Dept. of State Hospitals v. Superior Court* (2015) 61 Cal.4th 339, 346 ["On demurrer review, we accept the truth of material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law."]; *Doe v. Roman Catholic Archbishop of Los Angeles* (2016) 247 Cal.App.4th 953, 960 [the court "need not accept allegations containing 'legal conclusions[ ]' . . . or 'unsupported speculation' " on demurrer].)

We further note an additional reason to reject any attempt by Togle to amend the complaint to allege the incidents of harassing transmissions he has identified for the first time on appeal. These alleged July 2023 incidents occurred just weeks before Togle filed the SAC, but he did not include the allegations

14

in his amended pleading, even though BDO had argued his claims were untimely.  Togle fails to explain why he did not assert these allegations in the SAC.  (*Colapinto v. County of Riverside* (1991) 230 Cal.App.3d 147, 151 ["If a party files an amended complaint and attempts to avoid the defects of the original complaint by either omitting facts which made the previous complaint defective or by adding facts inconsistent with those of previous pleadings, the court may take judicial notice of prior pleadings and may disregard any inconsistent allegations."]; cf. *Deveny v. Entropin, Inc.* (2006) 139 Cal.App.4th 408, 426 [trial court erred in disregarding amended allegations where plaintiffs explained new information was uncovered through "further discovery and consultation with experts"]; *Dones v. Life Ins. Co. of North America* (2020) 55 Cal.App.5th 665, 688 [pleading plausibly explained that prior allegation was determined to be mistaken after further review of documents].)  In the absence of any explanation from Togle concerning his failure to allege these incidents in his SAC, we find no abuse of discretion in the trial court's denial of leave to amend.  (Cf. *McGee v. McNally* (1981) 119 Cal.App.3d 891, 896 [leave to amend appropriate "where 'the defect, . . . may possibly be cured by supplying omitted [and essential] allegations, and the plaintiff *has not had a fair opportunity to do so . . . .' "* (italics added)].)

As with the CIPA claims, Togle fails to demonstrate a reasonable possibility that the complaint can be amended to state a viable claim for intentional infliction of emotional distress.

## DISPOSITION

The judgment of dismissal is affirmed.  Respondent to recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

EGERTON, J.